1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MATTHEW G. SILVA,

    Plaintiff,

    v.

CHRISTINE GREGOIRE  *et* al.,

    Defendants.

Case No. C05-5731RJB

REPORT AND
RECOMMENDATION
REGARDING TEMPORARY
RESTRAINING ORDER OR
PRELIMINARY INJUNCTION

**NOTED FOR:**
**March 3rd, 2006**

    This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). The plaintiff was granted *in forma pauperis* status on December 5th, 2005.  (Dkt. # 10).  Between the time this action was filed and the granting of *in forma pauperis* status plaintiff has filed a motion for a temporary restraining order or preliminary injunction. (Dkt. # 5).  Defendants have responded to the motion for a temporary restraining order or preliminary injunction.  (Dkt. # 19).  Plaintiff has replied.  (Dkt. # 20).  The matter is now ripe for review.

    After the filing of his motion on November 29th, 2005 plaintiff filed two declarations in support of his motion.  (Dkt. # 15 and 16).  These documents were filed December 12th, 2005.  The local rules allow for the filing of a motion with supporting documents, a response and a reply.  See,

REPORT AND RECOMMENDATION - 1

1   Local Rule 7 (b).  The piecemeal filing of documents in this manner deprives the party opposing the

2   motion of a proper chance to respond.  The declarations of Anthony Boteilho and plaintiff will not be

3   considered by the court as they were not timely filed.   (Dkt. # 15 and 16).  Plaintiff also filed a

4   motion to file an overlength reply brief.  Plaintiff's reply brief, docket entry number 20, has been

5   considered by the court.

6                                    FACTS

7        Plaintiff is an inmate.  On November 30th, 2005 he was transferred from the Washington

8   Correction Center to the Airway Heights Corrections Center.  (Dkt # 19).  The transfer occurred

9   without prior notice to plaintiff.  Plaintiff alleges at the time of transfer he was litigating

10  approximately 12 cases as a pro se.  (Dkt. # 5 and 20).

11       When plaintiff was transferred two boxes of legal material were transferred with him at state

12  expense pursuant to policy.  (Dkt. # 19).  See. Dkt. # 20, exhibits.  Policy would have allowed for

13  the transfer of more of plaintiff's legal material at state expense if plaintiff could provide proof of a

14  court imposed deadline, proof of injury to a case if the documents were not shipped, or proof of a

15  deadline imposed by court order or rule with a due date of 30 days or less.  (Dkt. # 20, Exhibit 4,

16  DOC policy 590.500 page 8 of 9 and Exhibit 4).  Plaintiff was given the opportunity to ship the

17  remaining legal material, approximately 7 boxes, at his own expense or provide proof that the legal

18  documents in the remaining boxes met the policy requirements.  Plaintiff did not provide proof of any

19  deadline or circumstance that would have allowed for the shipping of his materials at state expense

20  under the policy.

21       Plaintiff asks for an order enjoining "further adverse actions and/or retaliation against plaintiff

22  for his First Amendment protected activities." (Dkt. # 5 Page 1 and 2).  He also asks the court to

23  mandate the Department of Corrections implement a process or procedure that would force the

24  Department to verify receipt of grievances and allow an inmate to keep a copy of any grievance they

25  filed.  (Dkt. # 5, page 2).  In addition he asks for the court to order pre-transfer hearings and that he

26  be given access to someone trained in the law or access to an adequate law library.  (Dkt. # 5 page

27  3).

28  REPORT AND RECOMMENDATION - 2

1      Having reviewed plaintiff's motion, the response, and the reply, plus exhibits attached thereto

2   the court recommends plaintiff's motion be **DENIED.**

3                                    STANDARD OF REVIEW

4      The basic function of injunctive relief is to preserve the *status quo ante litem* pending a

5   determination of the action on the merits.  Los Angeles Memorial Coliseum Com'n v. National

6   Football League, 634 F.2d 1197, 1200 (9th Cir. 1980).  A party seeking injunctive relief must fulfill

7   one of two standards, the "traditional" or the "alternative."  Cassim v. Bowen, 824 F.2d 791, 795 (9th

8   Cir. 1987).

9      Under the traditional standard, a court may issue preliminary relief if it finds that (1) the
       moving party will suffer irreparable injury if the relief is denied; (2) the moving party will
10     probably prevail on the merits; (3) the balance of potential harm favors the moving party; and
       (4) the public interest favors granting relief. . . . Under the alternative standard, the moving
11     party may meet its burden by demonstrating either (1) a combination of probable success and
       the possibility of irreparable injury or (2) that serious questions are raised and the balance of
12     hardships tips sharply in its favor.

13   Id. (citations omitted).

14                                       DISCUSSION

15     The record on file reflects that when plaintiff was transferred he did not provide any specific

16   information as to which of his legal files he needed or what cases demanded immediate attention.

17   Indeed, the plaintiff did not provide any detail in his original motion and exhibits.  (Dkt. # 5).  It is

18   only in his reply that he attaches correspondence he sent to prison officials.  (Dkt. # 20, Exhibit 3 and

19   4).

20     That correspondence reveals plaintiff making a generic request for all 7 boxes of legal files

21   without identifying any specific case or dead line.  Plaintiff does identify one situation where a

22   pleading he tried to send to the United States Supreme Court was returned to the facility by the Post

23   Office because of security concerns.  The postage on that item allegedly came off the envelope.  The

24   item was resent at state expense.  (Dkt. # 20, Exhibits 1 and  4).  Plaintiff does not show any

25   unreasonable delay on the part of prison officials with regard to that item.

26     A.     Pre- transfer hearings and out of state transfer.

27     An inmate has no liberty interest in remaining at any given prison facility.  Hewitt v. Helms,

28   REPORT AND RECOMMENDATION - 3

1   459 U. S. 460 (1983).  This is true even if the transfer is out of state and works a substantial

2   hardship on the inmate.  Vitek v. Jones, 445 U.S. 480 (1980); Olim v. Wakenikona, 461 U.S. 238

3   (1983).  The law is well settled that inmates are not entitled to any form of pre-transfer hearing.

4   Montayne v. Haymes, 427 U. S. 236 (1976).  Thus plaintiff has failed to show irreparable injury and

5   is not entitled to relief on this issue.

6           B.      Grievances.

7           The United States Constitution does not mandate that prison officials allow the filing of

8   grievances or that a prison has a grievance system.  Mann v. Adams, 855 F.2d 639 (9th Cir. 1988).

9   Thus, plaintiff's request for a specific procedure or process in the system is not based on any

10  constitutional right.  Plaintiff fails to show any injury and this issue is without merit.

11          C.      Access to Court.

12          Plaintiff has failed to provide the court or defendant with any specific case deadline or even

13  the name of a case with a current deadline.  There is no free standing right to a law library.  The

14  United States Supreme Court has held that prisoners do have a constitutional right of meaningful

15  access to the courts premised on the Due Process Clause.  Bounds v. Smith, 430 U.S. 817, 821

16  (1977).  Such access requires prison authorities to "assist inmates in the preparation and filing of

17  meaningful legal papers by providing prisoners with adequate law libraries or adequate legal

18  assistance from persons trained in the law."  Bounds, 430 U.S. at 828 (emphasis added); Storseth v.

19  Spellman, 654 F.2d 1349, 1352 (9th Cir. 1981).

20          The Ninth Circuit has determined that "right of access" claims that do not allege inadequacy

21  of the law library or inadequate assistance from persons trained in the law, must allege an "actual

22  injury" to court access.  Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989).  An "actual injury"

23  consists of some specific instance in which an inmate was actually denied access to the courts.  Id.

24  Only if an actual injury is alleged may plaintiff's claim survive.  Id.

25          Plaintiff in this case does challenge the adequacy of the law library, but he fails to show he

26  will suffer injury if his request is not granted.  In fact, plaintiff has yet to identify any case currently

27  subject to dismissal if he does not file a pleading.  To have standing to seek injunctive relief plaintiff

28  REPORT AND RECOMMENDATION - 4

1  bears the burden of showing immediate threat of real and irreparable injury and no adequate remedy

2  at law.  City of Los Angeles v. Lyons, 461 U.S. 95 (1983).  Plaintiff's motion for injunctive relief is

3  without merit.

4        Plaintiff's motion for injunctive relief should be **DENIED.**  A proposed order accompanies

5  this Report and Recommendation.

6        Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the

7  parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed.

8  R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of

9  appeal.  Thomas v Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b),

10  the clerk is directed to set the matter for consideration on **March 3rd, 2006**, as noted in the caption.

11

12        DATED this 13th day of February 2006.

13

14

15

16

17                                        Karen L. Strombom
                                         United States Magistrate Judge
18

19

20

21

22

23

24

25

26

27

28  REPORT AND RECOMMENDATION - 5