1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9
10
11
12
13
14
15
16

MATTHEW G. SILVA,

                    Plaintiff,

          v.

CHRISTINE GREGOIRE, CAROL PORTER,
CLAN JACOBS, JOHN COPPOLA, TERRY
WENTLAND, DOES 1-10,unidentified co-
conspirators,

                    Defendants.

Case No. C05-5731RJB

ORDER ADOPTING REPORT
AND RECOMMENDATION

17
18
19

    This matter comes before the Court for consideration of the Report and Recommendation of the United States Magistrate Judge Karen L. Strombom.  Dkt. 31.  The Court has considered the relevant documents, including Plaintiff's objections, and the file herein.

20

I.    **FACTS**

21
22
23
24
25
26
27
28

    On November 29, 2005, Plaintiff, an inmate at the Airway Heights Corrections Center, filed a civil rights complaint against several defendants regarding events which took place while he was housed at the Washington Corrections Center ("WCC").  Dkt. 1.  While Plaintiff's motion to proceed *in forma pauperis* was still pending, he filed a Motion for a Temporary Restraining Order and Preliminary Injunction.  Dkt. 5. In his Motion, Plaintiff seeks the following relief: 1) an order enjoining Defendants from "imposing any further adverse actions and/or retaliation against Plaintiff for his First Amendment protected activities, including transferring Plaintiff out-of-state," 2) an order requiring Defendants to institute a system to verify grievances, 3) an order requiring Defendants hold a hearing before transferring him to the intensive management unit ("IMU"), and 4) an order requiring Defendants to provide Plaintiff with either adequate

1  access to persons trained in the law or to an adequate law library, or 5) a declaratory judgment that the

2  "stealing of Plaintiff's grievances and related IMU transfer was unconstitutional," and that the "current

3  legal materials access scheme at the WCC is unconstitutional." *Id.* On December 5, 2005, Plaintiff filed his

4  Complaint.  Dkt. 11.  Plaintiff makes the following claims pursuant to 42 U.S.C. § 1983: 1) that his right to

5  pursue meritorious grievances and litigation to protect his rights without retaliation has been violated and

6  2) his right to a pre-transfer hearing before being moved to WCC's  IMU had been violated.  Dkt. 11, at

7  16.

8         On February 13, 2006, U.S. Magistrate Judge Karen L. Strombom issued a Report and

9  Recommendation.  Dkt. 31.  The Report and Recommendation recommends that the motion be denied.  *Id.*

10

11        On February 24, 2006, Plaintiff filed his own Declaration and the Declaration of Gary Williams.

12  Dkts. 34, and 35.  For the purposes of this Order, Plaintiff's Declaration will be treated as Objections to

13  the Report and Recommendation.  Plaintiff provides no context in which to consider Mr. Williams's

14  Declaration, and so the Court will not consider it.  In Plaintiff's Declaration, he states that because

15  Defendants have failed to ship legal files from the WCC to Airway Heights, he has missed a deadline to file

16  objections to a Report and Recommendation in one of his pending cases, and cannot file a joint-pretrial

17  statement in another.  Dkt. 34, at 2.  Plaintiff states that the Airway Heights staff is also "taken up the

18  practice of stealing and arbitrarily refusing to process grievances." *Id.* at 3.

19  **II.   <u>DISCUSSION</u>**

20        The Report and Recommendation should be adopted.  Plaintiff, as a party seeking injunctive relief,

21  must meet one of two standards.  *Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir. 1987).

22         Under the traditional standard, a court may issue preliminary relief if it finds that (1) the
23         moving party will suffer irreparable injury if the relief is denied; (2) the moving party will
           probably prevail on the merits; (3) the balance of potential harm favors the moving party;
           and (4) the public interest favors granting relief.  Under the alternative standard, the moving
24         party may meet its burden by demonstrating either (1) a combination of probable success
           and the possibility of irreparable injury or (2) that serious questions are raised and the
25         balance of hardships tips sharply in its favor.

26  *Id.*  As explained in the Report and Recommendation, Plaintiff has failed to meet his burden under either

27  standard for the injunctive relief he has requested in his motion.  Plaintiff also has not shown that

28  declaratory relief is appropriate.  Plaintiff's statement in his Declaration that he has missed deadlines in

other cases because he did not have all his legal files does not address issues raised in this motion, although

it may relate to issues in his Complaint.  Moreover, Plaintiff's statement regarding the staff at Airway Heights is not relevant in this action as none of them are named Defendants here.

Therefore, it is hereby,

**ORDERED** that the Report and Recommendation (Dkt. 31), is **ADOPTED**.  Plaintiff's motion for a Temporary Restraining Order and for Injunctive Relief is **DENIED WITHOUT PREJUDICE**.  The matter is **RE-REFERRE**D to the Magistrate Judge for further proceedings.

The Clerk of the Court is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 13th day of March, 2006.

Robert J. Bryan
United States District Judge

ORDER
Page - 3