UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MATTHEW G. SILVA,

　　　　Plaintiff,

　　v.

CHRISTINE GREGOIRE, *et al.*,

　　　　Defendants.

Case No. C05-5731RJB/KLS

REPORT AND RECOMMENDATION
**NOTED FOR: JUNE 16, 2006**

　　This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B) and Local MJR 3 and 4. Before the court is Defendants' motion for judgment on the pleadings. (Dkt. # 39). Plaintiff has not filed papers in opposition to defendant's motion and such failure may be considered by this court as an admission that the defendants' motion has merit. CR 7(b)(2) Local Rules W.D. Wash.[1] Defendants urge that this action should be dismissed against Defendant Governor Christine Gregoire under Fed. R. Civ. P. 12( c) as plaintiff has failed to allege personal participation by Defendant Gregoire.

DISCUSSION

　　On November 29, 2005, plaintiff filed a *pro se* civil rights lawsuit under 42 U.S.C. § 1983,

---

[1] At plaintiff's request, his deadline for responding to the instant motion was extended twice.

ORDER - 1

naming several defendants, including Governor Christine Gregoire. Plaintiff claims that his civil rights were violated while he was incarcerated at the Washington Corrections Center (WCC).

    1.    <u>Standard of Review</u>

After the pleadings are closed, but within such time as not to delay trial, any party may move for judgment on the pleadings. Fed. R. Civ. P. 12( c). When an answer is filed prior to a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), the motion will be considered a motion for judgment on the pleadings. <u>Blenheim v. Dawson & Hall Ltd.</u>, 667 P.2d 125 (1983). In reviewing a motion to dismiss, a court may grant dismissal for failure to state a claim "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." <u>Keniston v. Roberts</u>, 717 F.2d 1295, 1300 (9th Cir. 1983) (*quoting* <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)).

On a motion to dismiss, material allegations are taken as admitted and the complaint is to be liberally construed in favor of the plaintiff. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969), *reh'g denied*, 396 U.S. 869 (1969); <u>Sherman v. Yakahi</u>, 549 F.2d 1287, 1290 (9th Cir. 1977). Where a plaintiff is proceeding *pro se*, his allegations must be viewed under a less stringent standard then allegations of plaintiffs represented by counsel. <u>Haines v. Kerner</u>, 404 U.S. 519 (1972), *reh'g denied*, 405 U.S. 948 (1972). While the court may liberally construe a *pro se* plaintiff's complaint, it cannot supply essential facts that the plaintiff has failed to plead. <u>Pena v. Gardner</u>, 976 F.2d 469, 471 (9th Cir. 1992) (*quoting* <u>Ivey v. Board of Regents of Univ. of Alaska</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt. <u>Bretz v. Kelman</u>, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985) (en banc). A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment. <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987) (*quoting* <u>Broughton v. Cutter Laboratories</u>, 622

ORDER - 2

F.2d 458, 460 (9th Cir. 1980 (per curiam)) *accord* Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987).   Here, plaintiff has not alleged any claim or cause of action upon which the relief he is requesting can be granted as to Defendant Governor Gregoire.

        2.        <u>Plaintiff's 42 U.S.C. § 1983 Claim Against Defendant Governor Gregoire</u>

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986).  Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986).

Plaintiff must also allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981).   Plaintiff identifies Defendant Governor Gregoire as Governor of the State of Washington and responsible for the Washington State Department of Corrections.  A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58 (1978).   To be liable for "causing" the deprivation of a constitutional right, the particular defendant must commit an affirmative act, or omit to perform an act, that he or she is legally required to do, and which causes the plaintiff's deprivation. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's only allegation regarding Defendant Governor Gregoire is that she failed to respond to a letter plaintiff wrote to her.  Plaintiff does not allege any involvement by Defendant Governor Gregoire in any of his claims nor does he allege any specific facts related to Defendant Governor Gregoire, except that he mailed her a letter.  Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Pena, 976 F.2d at 471.  Absent some

ORDER - 3

personal involvement by a defendant in the allegedly unlawful conduct of subordinates, a defendant cannot be held liable under § 1983.

As noted above, plaintiff has not filed papers in opposition to defendants' motion to dismiss. On May 1, 2006, May 3, 2006, and May 4, 2006, respectively, plaintiff submitted the Declarations of Matthew Bolar, Michael Brady and Toby Masse. Although plaintiff has provided no context in which to consider these declarations, the court has reviewed them for purposes of this Report and Recommendation. The declarations provide no guidance, however, as to Defendant Governor Gregoire's alleged personal participation in this action.

## CONCLUSION

Accordingly, Defendant Gregoire's motion for judgment on the pleadings (Dkt. # 39) should be **GRANTED** and all claims against Defendant Governor Gregoire in this action **DISMISSED WITH PREJUDICE.**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **June 16, 2006**, as noted in the caption.

Dated this 30th day of May, 2006.

Karen L. Strombom
United States Magistrate Judge

ORDER - 4