UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MATTHEW G. SILVA,<br><br>          Plaintiff,<br><br>   v.<br><br>CHRISTINE GREGOIRE, *et al.*,<br><br>          Defendants. | CASE NO. C05-5731 RJB<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

    This matter comes before the Court for consideration of the Report and Recommendation of the United States Magistrate Judge Karen L. Strombom. Dkt. 50. The Court has considered the relevant documents in this matter and the file herein. Plaintiff did not file objections to the Report and Recommendation.

    On November 29, 2005, Plaintiff filed a *pro se* civil rights lawsuit under 42 U.S.C. § 1983 naming several defendants, including Governor Christine Gregoire. Dkt. 8. Plaintiff claims that his civil rights were violated while he was incarcerated at the Washington Corrections Center (WCC). On April 5, 2006, Defendant Gregoire filed a Motion for Judgement on the Pleadings, seeking to be dismissed as a defendant in this matter. Dkt. 39. On May 30, 2006, United States Magistrate Judge Karen L. Strombom filed a Report and Recommendation, finding that Plaintiff has failed to allege facts that show Defendant Gregoire caused, or personally participated in causing, the harm alleged in his Complaint. Dkt. 50 at 3. According to the Report and Recommendation, Defendant Gregoire's Motion should be granted, and all claims against her in this action should be dismissed with prejudice. Dkt. 50 at 4.

    A careful review of the Report and Recommendation, as well as the case file, indicates that Plaintiff

has not alleged facts showing how Defendant Gregoire caused, or personally participated in causing, the harm alleged in his Complaint.  Plaintiff's only allegation regarding Defendant Gregoire is that she failed to respond to a letter Plaintiff mailed to her.  Dkt. 50 at 3.  Plaintiff does not allege any involvement by Defendant Gregoire in any of his claims, nor does he allege any specific facts related to Defendant Gregoire, except that he mailed her a letter.  *Id.*  Vague and conclusory allegations of official participation in civil rights violations are not sufficient to constitute a claim.  *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (*quoting Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).  Absent some personal involvement by a defendant in the allegedly unlawful conduct of subordinates, a defendant cannot be held liable under 42 U.S.C. § 1983.  Accordingly, the Report and Recommendation should be adopted, and all claims against Defendant Gregoire in this action should be dismissed.

Therefore, it is hereby

**ORDERED** that the Report and Recommendation (Dkt. 50) is **ADOPTED**.  Defendant's Motion for Judgement on the Pleadings (Dkt. 39) is **GRANTED**, and all claims against Defendant Gregoire in this action are **DISMISSED WITH PREJUDICE**.

The Clerk of the Court is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 19th day of June, 2006.

Robert J. Bryan
United States District Judge