UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MATTHEW G. SILVA,

Plaintiff,

v.

CHRISTINE GREGOIRE, *et al.*,

Defendants.

Case No. C05-5731 RJB/KLS

ORDER DENYING MOTION TO AMEND COMPLAINT

This 42 U.S.C. § 1983 civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  Before the Court is Plaintiff's motion for leave to file an amended complaint. (Dkt. # 71).  Defendants oppose Plaintiff's motion to amend on the grounds that the proposed amendment is prejudicial, untimely, futile and based upon facts Plaintiff should have known at the time of filing his original action.  For the reasons stated below, the Court agrees that Plaintiff's motion should be denied.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a Washington State prison inmate currently incarcerated at the Florence Corrections Center (FCC) in Florence, Arizona.  Plaintiff was formerly incarcerated at the Washington Corrections Center (WCC), where he alleges that his First and Fourteenth Amendment rights were violated when his grievances were stolen, he was retaliated against, he was denied a pre-transfer hearing, and he was denied access to the courts while incarcerated at WCC between

ORDER - 1

October and November of 2004. (Dkt. # 14).

Plaintiff named five Defendants in his First Amended Complaint: Governor Christine O. Gregoire, Carol Porter, Clan Jacobs, Terry Wentland, and John Coppola. (Id.). Plaintiff also named "John and/or Jane Does 1-10, unnamed co-conspirators." (Id.).

The Court's Scheduling Order set the discovery deadline as August 25, 2006. (Dkt. # 33). Upon agreed motion, the Court ordered the discovery deadline extended to October 27, 2006. (Dkt. # 63). The dispositive motions deadline is November 17, 2006. (Id.). The Court is advised that Plaintiff has conducted the depositions of Defendants Porter, Wentland, and Coppola on August 29-30, 2006. (Dkt. # 75, Exh. 1). On April 5, 2006, Defendant Gregoire filed a motion for judgment on the pleadings. (Dkt. # 39). That motion was granted on June 19, 2006. (Dkt. # 52). The Court subsequently withdrew that Order and re-noted it for October 27, 2006. (Dkt. # 68). The motion was then granted on November 7, 2006. (Dkt. # 84).

This is Plaintiff's second motion to amend. Plaintiff seeks to add seventeen new defendants, twenty-three John and Jane Does, the marital communities of all defendants and seven new claims. In his motion, Plaintiff alleges that he is entitled to "a fair opportunity to amend his complaint to address deficiencies which were brought to his attention by Defendant Gregoire's motion for judgment on the pleadings." (Dkt. # 71).

## II. DISCUSSION

Pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 15(a), "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Otherwise, the party "may amend the party's pleading only by leave of court or by written consent of the adverse party." Id. Leave to amend "shall be freely given when justice so requires," and "this policy is to be applied with extreme liberality." Id.; Morongo Band of Mission Indians v. Rose, 893

ORDER - 2

F.2d 1074, 1079 (9th Cir. 1990). After a responsive pleading has been filed, "leave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." Martinez v. Newport Beach City, 125 F.3d 777, 786 (9th Cir. 1997).

  Plaintiff's motion to amend his complaint should be denied as Plaintiff's motion does not support the Second Amended Complaint he proposes to file in this lawsuit. As noted above, Plaintiff alleges that he is entitled to "a fair opportunity to amend his complaint to address deficiencies which were brought to his attention by Defendant Gregoire's motion for judgment on the pleadings." The remedy Plaintiff seeks is for the Court to "vacate its order dismissing claims against defendant Governor Gregoire and grant leave to amend." As the Court has already vacated its order granting the motion to dismiss and re-noted that motion to provide Plaintiff an opportunity to respond, the relief sought by Plaintiff has been, in part, granted. Plaintiff was given an opportunity to respond to the Court's Report and Recommendation. (Dkt. # 53). Plaintiff failed to respond as directed by the Court and the motion was then granted on November 7, 2006. (Dkt. # 84).

  Plaintiff has not provided the Court with any basis for adding seventeen additional defendants and seven new claims. In addition, a proposed amendment that necessitates reopening discovery or that creates the need for further discovery causes undue prejudice to the opposing party. Lockhead Martin Corp. v. Networth Solutions, Inc., 194 F.3d 980, 986 (9th Cir. 1999). The addition of seventeen additional defendants and seven new claims at this stage in the litigation would result in undue delay and prejudice to the Defendants. Plaintiff's action was filed almost one year ago and the parties have already engaged in a substantial amount of discovery. The discovery deadline, which was extended until October 27, 2006, has now passed. The dispositive motions

ORDER - 3

deadline is November 17, 2007.  Bringing new parties and claims in at this stage would mean that discovery and motions practice must begin anew.

Although the amendment rules are liberal, they do not require that courts indulge in futile gestures.  Deloach v. Woodley, 405 F.2d 496, 497 (5th Cir. 1968).  If a proposed amendment could not withstand a motion to dismiss, a court is justified in denying a motion to amend the pleadings made pursuant to Rule 15(a).  Jones v. Community Redevelopment Agency of City of Los Angeles, 733 F.2d 646 (9th Cir. 1984); Glick v. Koenig, 766 F.2d 265 (7th Cir. 1985).   In this case, the Plaintiff complains of conduct occurring between October 4, 2005 and November 20, 2005.  Thus, Plaintiff has had ample time to investigate the identity of possible defendants and Defendant advises that Plaintiff learned the identities of many of the Defendants he now seeks to add to this lawsuit during depositions taken two months ago.  (Dkt. # 75, Exh. 1).

Finally, Defendants argue that Plaintiff's requested amendment would be at least partially futile as the majority of Plaintiff's new claims do not constitute violations of a constitutional right under 42 U.S.C. § 1983 (inadequate blankets/clothing, denying live defense witnesses during infraction hearings, failure to train).

The Court agrees that Plaintiff has had ample opportunity to investigate his case and has provided the Court with no good cause for his delay in seeking an amendment at this late stage in the proceedings.

Accordingly, Plaintiff's motion to amend (Dkt. # 71) is **DENIED.**

DATED this 13th  day of November,  2006.

Karen L. Strombom
United States Magistrate Judge

ORDER - 4