1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

MATTHEW G. SILVA,

Plaintiff,

v.

CHRISTINE GREGOIRE, *et al.*,

Defendants.

11
12
13
14

Case No. C05-5731 RJB/KLS

ORDER GRANTING IN PART AND
AND DENYING IN PART
PLAINTIFF'S MOTION TO COMPEL

15    This 42 U.S.C. § 1983 civil rights action has been referred to United States Magistrate Judge

16  Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  Presently

17  before the Court is Plaintiff's motion to compel (Dkt. # 70).

18                                          **I. INTRODUCTION**

19    Plaintiff Matthew G. Silva is a Washington State prison inmate currently incarcerated at

20  the Florence Corrections Center (FCC) in Florence, Arizona. Plaintiff was formerly incarcerated at

21  the Washington Corrections Center (WCC).  Plaintiff alleges that his First and Fourteenth

22  Amendment rights were violated when his grievances were stolen, he was retaliated against, he was

23  denied a pre-transfer hearing, and he was denied access to the courts while incarcerated at WCC

24  between October and November of 2004.

25

26  ORDER - 1

## II.  DISCUSSION

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, parties may obtain discovery of relevant information.  Relevant information is defined as information that is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The Court may deny relevant discovery, however, if the "burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(iii).  Plaintiff requests the Court to compel Defendant Porter to answer his First Interrogatories and Requests for Production.  Plaintiff complains that Defendant Porter's answers were untimely, not answered under oath as required by the federal rules, and were boilerplate in  nature.  After careful review of the discovery requests, the objections stated, and the papers of the parties, the Court finds that the motion to compel should be granted in part and denied in part as follows:

**A.**     **Timeliness of Production**

Defendant Porter received Plaintiff's First Interrogatories and Requests for Production on July 6, 2006.  (Dkt. # 74, Exh. 1 (Declaration of Sara J. Olson)).  The requests were signed on June 30, 2006.  (Id.).  Pursuant to Fed. R. Civ. P. 33(b)(3), answers and objections to the requests were to be served on Plaintiff within thirty days from the date of service, or August 2, 2006. Defendant Porter's answers and objections were deposited in the United States Mail on August 1, 2006.  (Id).  According to the Defendant, the address on file in its office and with the Court for Plaintiff was the Eloy Detention Center.  (Id.).  On July 31, 2006, Plaintiff filed a change of address with the Court, and served a copy on Defendants, indicating that he had been transferred to Florence Corrections Center (FCC).  (Dkt. # 58).  Plaintiff's notice was docketed on August 4, 2006.  (Id.).  Defendants' counsel was aware that Plaintiff had been transferred to FCC prior to August 4, 2006, but that information was not logged into the mailing system at her office until

ORDER - 2

formal notification was provided by Plaintiff.  (Dkt. # 74, Exh. 1).  Therefore, Defendant Porter's

answers and objections were mailed in error to the wrong address. When Plaintiff notified

Defendants' counsel that he had not received the answers and objections, the mistake was

discovered and the documents were promptly re-mailed to Plaintiff at FCC. (Id).

 Defendant argues that Plaintiff has made no argument or showing that he has suffered any

harm or prejudice as a result of the brief delay in receipt of Defendant's documents.  In addition,

since receipt of the documents, the discovery deadline in this case was extended.  (Dkt. # 63).  The

Court agrees that there has been no showing of harm or prejudice in the manner in which

Defendant's mailed the requested documents and Plaintiff's motion to compel on this ground is

denied.

**B.** **Answers Under Oath**

 Attached to the answers provided to Plaintiff was a signature page, signed under oath by

Defendant Porter and her counsel.  (Dkt. 70, p. 8).  This signature page was attached to Plaintiff's

appendix.  Plaintiff's motion to compel on this basis is therefore denied as moot.

**C.** **Objection to Number of Interrogatories Propounded**

 Plaintiff's first interrogatory included three subparts asking for information about every

denial made in the 107 requests for admission which he simultaneously served on Defendant Porter.

Defendant Porter submitted admissions or denials of the requests for admissions, but did not

explain her answers.  In addition Defendant Porter denied 86 of the 107 requests for admissions.

 Pursuant to Rule 33(a), Plaintiff is permitted to submit 25 interrogatories, including discrete

subparts[1].  In addition, Defendant Porter is not required under Rule 36 to explain her denials of

---

[1] Defendants' counsel miscited the federal rule in the objection, instead referring to the local
rule, but represents that she explained to Plaintiff during a telephonic discovery conference on

ORDER - 3

requests for admissions.  Thus, Defendant Porter's objections were appropriate.  Defense counsel

also informs the Court that the parties conferred on August 24, 2006 and that defense counsel

agreed to provide Plaintiff with all documents responsive to interrogatory number one (or all

documentation in support of Defendant Porter's denials), and the documents were provided to

Plaintiff on September 22, 2006.  (Dkt. # 74, Exh. 1).   Accordingly, Plaintiff's motion to compel

on this ground is denied.

**D.    Interrogatory Nos. 8 and 10**

Interrogatory number 8 asks for a description of the factual and legal basis for all defenses

to all claims.  Defendant Porter objected to this interrogatory based on the attorney-client and

work product privileges to the extent that the interrogatory requests information regarding trial

strategy and communications which occurred between Defendant Porter and her counsel. Plaintiff

asks for Defendant Porter to be compelled to answer not because the objection is improper, but

because of the "boilerplate nature" of the objection.   The Court finds that Defendant Porter's

objection is not improper and not boilerpoint in nature to the extent that it seeks to protect

attorney-client communications.  However, Plaintiff is entitled to know the factual bases of

Defendant's defenses to her claims and his motion to compel an answer to Interrogatory No. 8 is

granted.

Interrogatory number 10 asks Defendant Porter for a list of all witnesses she intends to call

at trial.  Defendant Porter objected, stating that the information will be provided pursuant to the

Court's Scheduling Order.  Defendant Porter's objection states why the information is not being

August 24, 2006, that the local rules regarding these issues have been reserved, so the Federal Rule
controls.  (Dkt. # 74, Exh. 1).

ORDER - 4

provided and informs the Plaintiff when the information will be provided, which is according to the Scheduling Order issued by this Court.  Accordingly, Plaintiff's motion to compel on this ground will be denied.

**E.**       **Request for Production No. 1**

Request for Production Number 1 requests that Defendant Porter provide all "photographs, diagrams or any other documents of whatever kind" that support her defenses in this case. Defendant Porter objected to the request, stating that the information requested will be provided when she provides an exhibit list pursuant to the Court's Scheduling Order.  Plaintiff does not take issue with the substance of the objection, but because the objection is "boilerplate."  Additionally, Defendant Porter has provided approximately 895 pages of documents in response to Plaintiff's request for production.  (Dkt. # 74, Exh. 1).

Plaintiff is entitled to know what documents support Defendant Porter's defenses in this case.  Accordingly, his motion to compel documents in response to Request for Production Number 1 is granted.

Accordingly, plaintiff's motion to compel (Dkt. # 70) is **Granted in part and Denied in part** as stated herein.  Defendant shall provide her answers and documents as directed herein by **December 1, 2006**.

DATED this <u>13th</u> day of November,  2006.

Karen L. Strombom
United States Magistrate Judge

ORDER - 5