UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MATTHEW G. SILVA,

    Plaintiff,

  v.

CHRISTINE GREGOIRE, *et al.*,

    Defendants.

Case No. C05-5731 RJB/KLS

ORDER GRANTING DEFENDANTS' MOTION TO QUASH DEPOSITION SUBPOENAS

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1)(B) and Local MJR 3 and 4. Before the Court is Defendants' motion to quash the depositions of several non-party inmate witnesses. (Dkt. # 73). Plaintiff has not responded to Defendants' motion. For the reasons set forth below, the Court finds that the motion should be granted.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a Washington State prison inmate currently incarcerated at Florence Corrections Center (FCC) in Florence, Arizona. (Dkt. # 73, Exh. 1). Plaintiff was formerly incarcerated at the Washington Corrections Center (WCC) between October 4, 2005 and November 30, 2005. (Id.).

ORDER - 1

Plaintiff alleges that his First and Fourteenth Amendment rights were violated while he was incarcerated at WCC. (Dkt. # 14).

Plaintiff seeks to depose Washington State inmates Michael Brady, DOC #847662, Toby Masse DOC #947864, Anthony Boteilho DOC #819679, and Jeffrey McKee DOC #882819. (Dkt. # 73, Exh. 2, Attach. A). Plaintiff noted these depositions for October 12, 2006. (Id.). Defendants' counsel did not receive notice of these depositions until October 9, 2006, therefore, the depositions did not take place on October 12, 2006. (Id.). Plaintiff informed Defendants' counsel on October 16, 2006 that he intends to note the depositions of Washington State inmates Troy Kamps DOC #813062, Obadiah Hernandez DOC #869008, and Edward King DOC #279368 and Hawaii State inmate Joshua Reed. (Id.). Plaintiff also informed Defendants' counsel that each of the inmates he seeks to depose are friendly witnesses and are willing to provide their statements voluntarily and without need of a subpoena. (Id.).

**II. DISCUSSION**

A party may obtain discovery only regarding matters "relevant to the claim or defense of any party. . . ." Fed. R. Civ. P. 26(b)(1). The Court may limit discovery if the discovery sought "is obtainable from some other source that is more convenient, less burdensome, or less expensive". Fed. R. Civ. P. 26(b)(2). The court may order that requested discovery not be had, or may be had only in a specified manner, including limiting the type of discovery allowed. Fed. R. Civ. P. 26(c).

Defendants argue that the depositions should be quashed because they will not produce evidence relevant to this lawsuit and Plaintiff can present the testimony of the witnesses through declarations. Of the seven depositions Plaintiff has noted or indicated he will note, Defendant submits that five cannot provide information relevant to this lawsuit. Neither Michael Brady, Toby

ORDER - 2

Masse, Jeffrey McKee, Troy Kamps, nor Edward King were at WCC during the time period relevant to Plaintiff's First Amended Complaint and, therefore, could not provide information relevant to the violations Plaintiff has alleged occurred at WCC, by WCC staff at that time. (Id. at Exhibit 2). Joshua Reed is not a Washington State inmate and, therefore, has never been incarcerated at WCC and could not possibly provide information relevant to the violations Plaintiff has alleged occurred at WCC, by WCC staff at the time period relevant to Plaintiff's First Amended Complaint. (Id.). Defendants submit that none of these individuals have any personal knowledge of any facts relevant to this proceeding. Plaintiff has not shown any evidence to the contrary. Because Plaintiff fails to show what relevant evidence he believes these individuals possess, the Court agrees that their depositions should be quashed.

Additionally, the more burdensome and expensive method of deposition discovery is unnecessary where Plaintiff can obtain the testimony of friendly witnesses through declarations.

Accordingly, Defendants' motion to quash (Dkt. # 73) is **GRANTED.**

The Clerk is directed to send copies of this Order to Plaintiff and counsel for Defendants.

DATED this  7th   day of December, 2006.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3