UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                              )
MATTHEW G. SILVA,                             )     No. C05-5731-RJB-KLS
                                              )
                       Plaintiff,             )
       v.                                     )     ORDER DENYING PLAINTIFF'S
                                              )     REQUEST TO REMOVE
CHRISTINE GREGOIRE, *et al.*,                 )     JUDGE STROMBOM
                                              )
                       Defendants.            )
_____)

This matter comes before the Court under Local General Rule 8(c). On February 14, 2007, plaintiff Matthew G. Silva filed a "Motion to Recuse Magistrate Judge" (Dkt. #102). The Honorable Karen L. Strombom, United States Magistrate Judge, declined to recuse herself voluntarily and the matter was referred to the Chief Judge for review (Dkt. #111). Plaintiff's motion is therefore ripe for review by this Court.

Section 455 of title 28 of the United States Code governs the disqualification of a district judge. It states in relevant part: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Additionally, 28 U.S.C. § 144, pertaining to judicial bias or prejudice, provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that

ORDER DENYING PLAINTIFF'S
REQUEST TO REMOVE JUDGE STROMBOM

bias or prejudice exists[.]

A judge must recuse herself if a reasonable person would believe that she is unable to be impartial. Yagman v. Republic Ins., 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry regarding whether there is an appearance of bias, not whether there is bias in fact. Preston v. United States, 923 F.2d 731, 734 (9th Cir. 1991); United States v. Conforte, 624 F.2d 869, 881 (9th Cir. 1980); see also Liteky v. United States, 510 U.S. 540, 555 (1994) (explaining the narrow bases for recusal). A litigant cannot, however, use the recusal process to remove a judge based on adverse rulings in the pending case: the alleged bias must result from an extrajudicial source. United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986).[1]

Plaintiff's motion to recuse references the "Declaration of Matthew Silva" (Dkt. #101) for his basis for recusal. In his declaration plaintiff states:

> I have determined that serious questions exist regarding the propriety of Magistrate Strombom's order (Dkt 93) refusing to process the petition-letter [Dkt. #92]. . . . Magistrate Strombom entered an order declining to process my petition-letter based on the fact that it was not filed "as a motion or served". . . [A] reasonable disinterested observer would question the Magistrate's fairness and impartiality.

Dkt. #101 at ¶¶5-7. Plaintiff, however, does not identify any extrajudicial source of the alleged impartiality in these allegations: the only suggestion of bias is Judge Strombom's decision in her January 18, 2007 Order. See Dkt. #93 (Order Granting Motion to Extend Time to Respond to Defendants' Motion for Summary Judgment) at 2 (stating "The Court also notes that Plaintiff has filed a letter to Judge Bryan (Dkt. # 92), which was not served on Defendants. Plaintiff is advised that this letter has been filed, but the Court will take no action with regard to it, as the letter was not properly filed as a motion and served on Defendants as required by the Federal Rules of Civil Procedure."). In such circumstances, the risk that the litigant is using the recusal

---

[1] Objections to a judge's decisions are properly raised through an appeal, not a motion to recuse.

ORDER DENYING PLAINTIFF'S
REQUEST TO REMOVE JUDGE STROMBOM         -2-

1  motion for strategic purposes is considerable.  See Ex Parte Am. Steel Barrel Co. and Seaman,
2  230 U.S. 35, 44 (1913).  Because a judge's conduct in the context of judicial proceedings does
3  not constitute the requisite bias under § 144 or § 455 if it is prompted solely by information that
4  the judge received in the context of the performance of her duties as the presiding judicial
5  officer, plaintiff has not met the burden of showing an appearance of bias.

6       Having reviewed plaintiff Matthew G. Silva's motion and the remainder of the record, the
7  Court finds that Judge Strombom's impartiality cannot reasonably be questioned.  There being
8  no evidence of bias or prejudice, plaintiff's request to remove Judge Strombom from this matter
9  (Dkt. #102) is DENIED.

11       DATED this 7th day of March, 2007.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER DENYING PLAINTIFF'S
REQUEST TO REMOVE JUDGE STROMBOM    -3-