UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MATTHEW G. SILVA,

    Plaintiff,

v.

CHRISTINE GREGOIRE, *et al.*,

    Defendants.

Case No. C05-5731 RJB/KLS

ORDER DENYING PLAINTIFF'S MOTION TO RECUSE ATTORNEY GENERAL'S OFFICE

    This matter has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR3 and MJR4. Plaintiff seeks damages in a civil lawsuit pursuant to 42 U.S.C. § 1983. Plaintiff has filed a motion to recuse the Attorney General's Office. (Dkt. # 101). For the reasons set forth below, the motion shall be denied.

**I. DISCUSSION**

    The right to disqualify counsel is within the discretion of the trial court as an exercise of its inherent powers. *See United States v. Wunsch,* 84 F.3d 1110, 1114 (9th Cir.1996). Disqualification is a drastic measure and the Court must consider the danger of a motion to disqualify opposing counsel as a litigation tactic. *United States ex rel. Lord Elec. Co., Inc. v. Titan Pac. Constr. Corp.,* 637 F.Supp. 1556, 1562 (W.D.Wash.1986). Because of the potential for abuse, disqualification motions should be

ORDER
Page - 1

subjected to "particularly strict judicial scrutiny." *Optyl Eyewear Fashion Int'l Corp. v. Style Cos.,* 760 F.2d 1045, 1050 (9th Cir.1985) (*citing Rice v. Baron,* 456 F.Supp. 1361, 1370 (S.D.N.Y.1978)); *see also Freeman v. Chicago Musical Instrument Co.,* 689 F.2d 715, 721-22 (7th Cir.1982).

Plaintiff seeks to disqualify the Washington State Attorney General's Office and in particular, AAG Olson, based on his belief that AAG Olson has improperly influenced prison staff with regard to a letter Plaintiff sent to Judge Bryan. (Dkt. # 92). The court received 184 pages of the letter, but was missing the first two pages. (*Id.*). The letter was docketed, but it was not noted as the document was not filed as a motion nor had it been served on Defendants. (Dkt. # 93).

Plaintiff has failed to state facts sufficient to support disqualification of the Attorney General's Office as counsel for Defendants. Defendants, as state employees, are entitled to representation by the Attorney General's Office. *See* RCW 4.92., *et seq.* Plaintiff's only basis for the motion to disqualify appears to be a belief that AAG Olson's letter to him include an inappropriate insinuation that the Court did not receive all the pages included in his letter. (Dkt. # 101, Attach 1, ¶ 4, Exh. 2). A review of that letter does not reveal any inappropriate insinuation. Instead, the letter appears to be a response to Plaintiff's request that a copy of his letter be sent to him. Plaintiff also seems to believe that AAG Olson instructed DOC staff not to copy the letter for Plaintiff. However, there is no evidence to support this claim. (*Id.*, ¶ 9). AAG Olson states in her declaration that she has never advised any DOC staff, including the staff located at Florence Corrections Center, to violate DOC policy. (Dkt. # 110, Exh. 1).

Finally, Plaintiff states that a separate action he filed, Case No. C04-1484JCC, has been dismissed, with the Court finding that "obstruction of his legal documents may be grounds for a new 42 U.S.C. § 1983 action." (Dkt. # 101, Exh. 1). Plaintiff states further that "Ms. Olson will obviously be a defendant," in that action and that she and the Attorney General's office will necessarily have to be conflicted out of this action. (*Id.*). A review of the Order entered in Case No. C04-1484 reveals that

ORDER
Page - 2

Plaintiff's claims of inadequate access to law library and legal materials were dismissed with prejudice for failure to state a claim.  (Case No. C04-1484JCC Dkt. # 314, 315).  Furthermore, Plaintiff's vague references to a future claim in which he may name either AAG Olson do not provide sufficient grounds for disqualification in this action at this time.

Accordingly it is hereby **ORDERED** that Plaintiff's motion to disqualify the Attorney General's Office (Dkt. #101) is **DENIED**.  The Clerk of the Court shall send a copy of this Order to Plaintiff and to counsel for Defendants.

DATED this  27th   day of March, 2007.

Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 3