UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MATTHEW G. SILVA,<br><br>    Plaintiff,<br><br>    v.<br><br>CHRISTINE GREGOIRE, *et al.*,<br><br>    Defendants. | Case No. C05-5731 RJB/KLS<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:  May 11, 2007** |

This 42 U.S.C. § 1983 Civil Rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Before the court is Plaintiff's motion for a temporary injunction. (Dkt. # 104). Plaintiff's motion was accompanied by a declaration and exhibits (Dkt. # 100, Exh. 1-3), and a letter to Judge Bryan. (Dkt. # 105, Exh. 1).[1] Defendants oppose Plaintiff's motion, arguing that Plaintiff has not met the requirements of either the traditional or alternative tests which would warrant injunctive relief under Fed. R. Civ. P. 65. (Dkt. # 106).

---

[1] Plaintiff filed this letter previously (*See* Dkt. # 92). The letter was docketed, but was not considered as it was not filed as a motion nor served on opposing counsel. (Dkt. # 93). The Court has inferred that Plaintiff intends the letter to be in support of his motion for temporary relief as it refers to "Rule 65 relief," and has considered it as such.

REPORT AND RECOMMENDATION - 1

## I.  INJUNCTIVE RELIEF REQUESTED

Plaintiff is a Washington State prison inmate currently incarcerated at the Washington Corrections Center (WCC) in Shelton, Washington.  Plaintiff alleges that his First and Fourteenth Amendment rights were violated when his grievances were stolen, he was retaliated against, he was denied a pre-transfer hearing, and denied access to the courts while incarcerated at WCC between October and November of 2004.  (Dkt. # 14).  Plaintiff seeks an order: (1) prohibiting Defendants from retaliating against him; (2) prohibiting his transfer to Airway Heights Corrections Center; (3) granting him exceptional access to the law library; (4) ordering Defendants to return documents that were allegedly stolen from Plaintiff in Arizona; (5) ordering replacement of the stolen documents if they cannot be returned to him; (6) granting him access to a constitutionally adequate law library at all times; and (7)  requiring Defendants to update and expand legal materials available in the library.  (Dkt. # 104).

## II. STANDARD OF REVIEW

Under the Prison Litigation Reform Act, 18 U.S.C. § 3626 (PLRA), Plaintiff is not entitled to prospective relief unless the court enters the necessary findings required by the Act:

> The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of a Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A) (emphasis added).

REPORT AND RECOMMENDATION - 2

In civil rights cases, injunctions must be granted sparingly and only in clear and plain cases. *Rizzo v. Goode*, 423 U.S. 362, 378 (1976). The purpose of a preliminary injunction is to preserve the status quo between the parties pending a final determination on the merits. *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981); *Chalk v. United States Dist. Ct.*, 840 F.2d 701, 704 (9th Cir. 1988). It is appropriate to grant in a preliminary injunction "intermediate relief of the same character as that which may be granted finally." *De Beers Consol. Mines v. U.S.*, 325 U.S. 212, 220 (1945); *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997).

In order to justify the extraordinary measure of injunctive relief under Federal Rule of Civil Procedure 65, the moving party bears a heavy burden. *Canal Authority of the State of Florida v. Callaway,* 489 F.2d 567 (5th Cir. 1974). A party seeking a preliminary injunction must fulfill one of two standards: the "traditional" or the "alternative." *Johnson v. California State Bd. Of Accountancy*, 72 F.3d 1427, 1430 (9th Cir. 1995); *Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir. 1987). Although two tests are recognized, they are not totally distinct tests. Rather, they are "extremes of a single continuum." *Funds for Animals, Inc. v. Lujan*, 962 F.2d 1391, 1400 (9th Cir. 1992).

Under the traditional standard, a court may issue preliminary relief if it finds that: (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief. *Cassim*, 824 F.2d at 795. Under the alternative standard, the moving party may meet its burden by demonstrating either (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor. *Id.* at 795. Under either test, Plaintiff fails to carry his burden to obtain preliminary injunctive relief in this case.

REPORT AND RECOMMENDATION - 3

## III. DISCUSSION

**A.     Plaintiff Has Not Demonstrated That He Will Suffer Irreparable Harm**

Plaintiff argues that he is entitled to the injunctive relief he seeks because he is denied access to an adequate law library, he has received various adverse legal rulings from various courts, and he is the victim of a conspiracy to transfer him and harass him in retaliation for his litigation practices. (Dkt. # 101).  Other than these very general allegations, however, Plaintiff offers no evidence that he has been irreparably harmed or that he will suffer harm in the future if the Court fails to issue the extraordinary relief requested in his motion.

To secure injunctive relief, a plaintiff must demonstrate "a very significant possibility" that future harm will ensue. *Nelsen v. King County*, 895 F.2d 1248, 1250 (9th Cir. 1990). The burden of showing a likelihood of a recurrence of harm is "firmly on the plaintiff." *Id.* at 1251.    To obtain preliminary injunctive relief, the moving party must demonstrate exposure to a "significant risk of irreparable harm" absent the requested judicial intervention. *Associated General Contractors of California, Inc. v. Coalition for Economic Equity*, 950 F.2d 1401, 1410 (9th Cir. 1991); *Caribbean Marine Services Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988).  The moving party "must do more than merely allege imminent harm," he "must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief." *Associated General Contractors*, 950 F.2d at 1410.

Plaintiff makes several general and unsupported allegations but offers no evidence upon which this Court may adequately determine whether he has suffered actual harm or is likely to suffer future harm.  For example, Plaintiff alleges generally that he is being denied the use of an "adequate" law library; that he requires the use of a library "until such time as he is able to address the damage he has sustained to pending cases he is litigating, and requires Defendants to provide him with a

REPORT AND RECOMMENDATION - 4

"constitutionally adequate" law library. (Dkt. # 104 at 1-2). It is true that prisoners have a federal constitutional right of access to the courts guaranteed by the Fourteenth Amendment. *See Bounds v. Smith*, 430 US. 817, 821 (1977); *see also Royse v. Superior Court*, 779 F.2d 573 (9th Cir.1986). However, "prison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" *Lewis v. Casey*, 518 US. 343, 351, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996); *Bounds*, 410 US. at 825.

The Ninth Circuit has established a two-step analysis for determining whether a right of access claim has merit. First, the Court decides "whether the claimant alleges a denial of adequate law libraries or adequate assistance from persons trained in the law." *Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir. 1989). If the claim does not involve denial of either, the court must determine whether the plaintiff alleges an actual injury to court access. *Id*. "An 'actual injury' is a specific instance where an inmate was actually denied access to the courts. *Sands*, 886 at 1171. In order to state a claim for relief, the plaintiff must establish either that (1) he was denied access to an adequate law library or trained legal assistance or (2) he was actually denied access to the courts. Id. A "temporary deprivation of an inmate's legal materials does not, in all cases, rise to a constitutional deprivation." *Vigliotto v. Terry*, 873 F.2d 1201, 1202-03 (9th Cir. 1989). An "actual injury" is a specific instance where an inmate was actually denied access to the courts. *Id*.

Plaintiff has not made even a preliminary showing for a denial of access to courts claim. Nor has he explained how the Defendants have participated in any of the harms he describes. There is no evidence that any of the Defendants denied Plaintiff access to a law library, have not provided Plaintiff with exceptional law library access, if needed, stole Plaintiff's documents in Arizona, or were involved in Plaintiff's incarceration in Arizona.

REPORT AND RECOMMENDATION - 5

Plaintiff also requests an order prohibiting his transfer to Airway Heights Corrections Center. Inmates have no right to placement in a particular correctional institution. *See, Meachum v. Fano*, 427 U.S. 215, 225 (1976). Moreover, there is no evidence that such a transfer is imminent or even contemplated. Therefore, Plaintiff's request for an order preventing his transfer to Airway Heights, must be denied.

For the foregoing reasons, the undersigned recommends that Plaintiff's request for injunctive relief be denied.

### B.  **Plaintiff Has Not Demonstrated That He Will Prevail On The Merits**

Plaintiff has made no argument that he will prevail on the merits of his lawsuit. In addition, Defendants have filed a motion for summary judgment on Plaintiff's claims (Dkt. # 87). That motion is presently the subject of a separate Report and Recommendation, in which the undersigned is recommending that Plaintiff's claims be dismissed. Plaintiff did not respond to that motion and the Court may consider Plaintiff's failure to respond as an admission that the motion for summary judgment has merit. CR7(b)(2).

Accordingly, Plaintiff's motion for temporary injunctive relief may be denied on the basis that Plaintiff has not met his burden of demonstrating a likelihood of prevailing on the merits.

### C.  **Plaintiff Has Not Demonstrated That The Burden Of Potential Harms Favors The Plaintiff or That the Public Interest Favors Granting Relief**

There is no evidence before the Court that Defendants violated the law or abused their own policies. Plaintiff has simply stated that he is the subject of retaliation and that he does not have adequate legal access, without providing evidence to support either assertion. Accordingly, the

REPORT AND RECOMMENDATION - 6

undersigned recommends that Plaintiff's motion for injunctive relief may be denied on the basis that Plaintiff has failed to meet his burden of demonstrating that the burden of potential harm favors him or that the public interest favors granting him the relief he seeks.

## IV.  CONCLUSION

For the foregoing reasons, the undersigned recommends that Plaintiff's motion for preliminary injunction (Dkt. # 104) be **DENIED**.  A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **May 11, 2007**, as noted in the caption.

DATED this 12th day of April, 2007.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7