UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MATTHEW G. SILVA,<br><br>             Plaintiff,<br><br>     v.<br><br>CHRISTINE GREGOIRE, *et al.*,<br><br>             Defendants. | CASE NO. C05-5731RJB<br><br>ORDER ADOPTING REPORTS AND RECOMMENDATIONS, DENYING THE PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER, AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on the Reports and Recommendations of Magistrate Judge Strombom (Dkt. 118; Dkt. 124). The Court has considered the Reports and Recommendations and the remainder of the file herein.

## I. PROCEDURAL BACKGROUND

On November 17, 2006, the defendants moved for summary judgment. Dkt. 87. Mr. Silva requested more time to respond to the motion, and his request was granted. Dkt. 90; Dkt. 93. Mr. Silva's response was due on or before February 2, 2007. Dkt. 93 at 2. Magistrate Judge Strombom recommends that the defendants' motion be granted. Dkt. 118 at 17. The Court has twice re-noted the Report and Recommendation on the defendant's motion to afford Mr. Silva more time to respond to the motion or object to the Report and Recommendation. Dkt. 126 at 2; Dkt. 131 at 2. No response has been filed, and Mr. Silva has not objected to the Report and Recommendation.

ORDER
Page 1

On February 12, 2007, the plaintiff moved for a temporary restraining order, preliminary injunction, and to supplement the complaint. Dkt. 104. The Report and Recommendation recommends that the plaintiff's motion be denied. Dkt. 124 at 7. The Court re-noted this Report and Recommendation to afford Mr. Silva more time to object. Dkt. 131 at 2. No objection has been filed.

## II. DISCUSSION

### A. MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND TO SUPPLEMENT THE COMPLAINT

The Report and Recommendation properly concludes that Mr. Silva fails to demonstrate the requisite risk of irreparable future harm by the named defendants to justify injunctive relief. Dkt. 124. Mr. Silva has not objected to the Report and Recommendation. On June 7, 2007, Mr. Silva filed a letter addressed to Governor Christine Gregoire. Dkt. 136. This letter specifies Mr. Silva's allegations as to the adequacy of the law library at the Washington Corrections Center but does not demonstrate that Mr. Silva is entitled to the injunctive relief he seeks.

The plaintiff also moves for leave to supplement the complaint "to allege facts and to add defendants in order to facilitate the court's jurisdiction over the issues addressed in th[e plaintiff's] motion." Dkt. 104 at 2. Such a supplementation would constitute an amendment of the first amended complaint. The defendants' response and the Report and Recommendation do not address this portion of the plaintiff's motion.

A "plaintiff's petition to amend its pleadings to add . . . a party defendant brings into consideration Rules 15 and 20 of the Federal Rules." *Desert Empire Bank v. Insurance Co.*, 623 F.2d 1371, 1374 (9th Cir. 1980). Federal Rule 15 provides as follows:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed. R. Civ. Pro. 15(a). It is unclear whether Mr. Silva has sought the written consent of the defendants before seeking leave of court to amend the complaint.

Federal Rule 20 provides for the permissive joinder of parties if the plaintiff asserts "any

ORDER
Page 2

right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. Pro. 20(a). These rules afford the courts discretion, and "courts have shown a strong liberality in allowing parties to amend their pleadings when such amendments have satisfied the explicit requirements of the rules." *Desert Empire Bank v. Insurance Co.*, 623 F.2d 1371, 1375-76 (9th 1980). If the explicit requirements are satisfied, courts consider several factors before determining whether to grant leave to amend: (1) possible prejudice to existing parties, (2) the moving party's delay in seeking amendment, (3) the motive behind the amendment, (4) the closeness of the relationship between new and old parties, (5) the effect of the proposed amendment on the court's jurisdiction, and (6) the new party's notice of the litigation. *Id.* at 1375.

As a threshold matter, the Court notes that Mr. Silva previously amended his complaint (Dkt. 14) and was denied leave to file a second amended complaint adding seventeen new defendants, twenty-three John and Jane Does, the defendants' marital communities, and seven new claims (Dkt. 85). The Court is unable to analyze Mr. Silva's request to amend his complaint because Mr. Silva fails to specify what factual allegations and defendants he would add or to provide a proposed second amended complaint. The Court will not speculate as to the substance of Mr. Silva's proposed amendment and should not grant blanket leave to amend. The Court should therefore adopt the Report and Recommendation (Dkt. 124) and deny the motion plaintiff's motion for injunctive relief and to supplement his complaint.

**B.     THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

The Report and Recommendation thoroughly addresses the defendants' motion and properly concludes that summary judgment should be granted in favor of the defendants for failure to exhaust administrative remedies and, in the alternative, for failure to create a genuine issue of material fact for trial. The Court should adopt the Report and Recommendation (Dkt. 118) and dismiss with prejudice Mr. Silva's claims against the defendants.

### **III. ORDER**

Therefore, it is hereby

**ORDERED** that the Court **ADOPTS** the Reports and Recommendations of Magistrate Judge Strombom (Dkt. 118; Dkt. 124); the plaintiff's Motion for Temporary Restraining Order (Dkt. 104) is **DENIED**; the Defendants' Motion for Summary Judgment is **GRANTED**; and the plaintiff's claims are **DISMISSED WITH PREJUDICE**.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

DATED this 12th day of June, 2007.

*Robert J. Bryan*
Robert J. Bryan
United States District Judge