UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MATTHEW G. SILVA,<br><br>    Plaintiff,<br><br>  v.<br><br>CHRISTINE GREGOIRE, *et al.*,<br><br>    Defendants. | CASE NO. C05-5731RJB<br><br>ORDER |

This matter comes before the Court on the plaintiff's objections (Dkt. 138; Dkt. 139) to the Reports and Recommendations (Dkt. 118; Dkt. 124) adopted by the Court (Dkt. 137); and on plaintiff's Motion for Relief from Judgment (Dkt. 142). The Court has considered the Reports and Recommendations, the plaintiff's objections, plaintiff's motion, and the remainder of the file herein.

### I. PROCEDURAL BACKGROUND

On November 17, 2006, the defendants moved for summary judgment. Dkt. 87. Plaintiff requested more time to respond to the motion. *See* Dkt. 90; Dkt. 93. Plaintiff's response was due on or before February 2, 2007. Dkt. 93 at 2. Magistrate Judge Strombom recommended that the defendants' motion be granted. Dkt. 118 at 17. The Court twice re-noted the Report and Recommendation to afford Mr. Silva more time to respond to the motion or object to the Report and Recommendation. Dkt. 126 at 2; Dkt. 131 at 2. Plaintiff failed to respond to the motion or to timely object to the Report and Recommendation, and the Court adopted the Report and

1   Recommendation. Dkt. 137. Plaintiff filed objections on June 13, 2007, after the June 8, 2007

2   noting date for consideration of the Report and Recommendation. Dkt. 139. While the objections

3   were filed after the Report and Recommendation was noted for consideration and after the Court

4   issued an Order adopting the Report and Recommendation, the Court will consider the plaintiff's

5   objections in the interest of fairness and in light of plaintiff's *pro se* status.

6         On February 12, 2007, the plaintiff moved for a temporary restraining order, preliminary

7   injunction, and to supplement the complaint. Dkt. 104. The Report and Recommendation

8   recommends that the plaintiff's motion be denied. Dkt. 124 at 7. The Court re-noted this Report

9   and Recommendation to afford plaintiff more time to object. Dkt. 131 at 2. Plaintiff did not file

10  timely objections to the Report and Recommendation, and on June 12, 2007, the Court adopted

11  the Report and Recommendation. Dkt. 137. Again, plaintiff filed objections on June 13, 2007, and

12  the Court will likewise consider these objections. Dkt. 138.

13        On June 20, 2007, plaintiff filed a Motion for Relief from Judgment.  Dkt. 142.

14                          **II. DISCUSSION**

15  **A.**    **MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND TO SUPPLEMENT THE COMPLAINT**

16

17        As set forth above, on June 12, 2007, the Court adopted the Report and Recommendation

18  (Dkt. 124) and denied plaintiff's motion because "Mr. Silva fails to demonstrate the requisite risk

19  of irreparable future harm by the named defendants to justify injunctive relief." Dkt. 137 at 2. The

20  Court agreed with the Report and Recommendation's conclusion that plaintiff's allegations

21  regarding denial of access to the courts are generalized and do not implicate actions of the named

22  defendants. Plaintiff objects to this conclusion, contending that demonstrating personal

23  participation by the defendants in the alleged deprivation is not required. Dkt. 138 at 4. The

24  authority plaintiff cites in the objections does not demonstrate that issuance of a temporary

25  restraining order binding defendants is proper where there is insufficient evidence that the

26  defendants' actions threaten irreparable harm to the plaintiff. *See* Dkt. 138 at 4.

27        Plaintiff also objects to the Report and Recommendation on the ground that it does not

28  include sufficient findings. Dkt. 138 at 3. Specifically, plaintiff contends that the Report and

1 Recommendation ignores facts presented in his letter to the court. *Id*; *see also* Dkt. 92; Dkt. 105.
2 The Court considered this document before ruling on the Report and Recommendation. In
3 addition, the Report and Recommendation considered the letter as support for the plaintiff's
4 motion for temporary relief. Dkt. 124 at 1 n.1 ("The Court has inferred that Plaintiff intends the
5 letter to be in support of his motion for temporary relief as it refers to "Rule 65 relief," and has
6 considered it as such."). The plaintiff does not reference any portion of the letter that justifies
7 reconsideration or modification of the Order adopting the Report and Recommendation.

8      That portion of the Court's June 12, 2007 order that adopted the Report and
9 Recommendation of the magistrate judge and denied plaintiff's motion for temporary restraining
10 order, preliminary injunction, and to supplement the complaint should be affirmed.

11

12 **B.    THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

13      As set forth above, on June 12, 2007, the Court granted the Defendants' Motion for
14 Summary Judgment (Dkt. (87), holding that "[t]he Report and Recommendation thoroughly
15 addresses the defendants' motion and properly concludes that summary judgment should be
16 granted in favor of the defendants for failure to exhaust administrative remedies and, in the
17 alternative, for failure to create a genuine issue of material fact for trial." Dkt. 137 at 3. The
18 plaintiff objects on several grounds:

19      First, plaintiff asks that Court delay its consideration of the Defendants' Motion for
20 Summary Judgment until after the Court rules on the plaintiff's motion for temporary relief. Dkt.
21 139 at 4. The Court having determined that temporary relief is not warranted, there is no need to
22 delay or suspend the Court's ruling on summary judgment.

23      Second, the plaintiff moves to strike declarations made under penalty of perjury pursuant
24 to the laws of the State of Washington. Dkt. 139 at 4. The Court has identified several
25 declarations signed "under the penalty of perjury of the laws of the State of Washington that the
26 foregoing is true and correct to the best of my knowledge." Dkt. 87-2, Exh. 3 at 53 (Elizabeth
27 Weinandt); Dkt. 87-3, Exh. 4 at 3 (James P. Tucker); Dkt. 87-3, Exh. 5 at 40 (Ralph Black); Dkt.
28

ORDER
Page 3

87-3, Exh. 6 at 42 (Barry Ulrich). A defending party's motion for summary judgment need not be supported by affidavits. Fed. R. Civ. P. 56(b). Motions for summary judgment are decided on the basis of pleadings, depositions, answers to interrogatories, admissions, and affidavits, if any. Fed. R. Civ. P. 56(c). The United States Code provisions governing documentary evidence contain a section providing that, whenever sworn affidavits are permitted under United States law, an unsworn declaration is also permitted:

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
>
> . . .
>
> (2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.
>
> Executed on (date).
>
> (Signature)".

18 U.S.C. §1746 (emphasis added). This provision requires substantial compliance. *Commodity Futures Trading Com'n v. Topworth Intern., Ltd.*, 205 F.3d 1107, 1112 (9th Cir. 1999). The declarations defendants submitted in support of the summary judgment motion contain the following language: "I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge." See Dkt. 87-2 and 87-3. The declarations substantially comply with the requirements of 18 U.S.C. § 1746. Plaintiff's objections are without merit.

Third, the plaintiff moves to strike excerpts of his deposition on the grounds that the excerpt provided does not include a "certif[ication] that the witness was duly sworn by the officer and that the deposition is a true record of the testimony given by the witness" as required by Federal Rule 30(f) and on the grounds that he was not permitted an opportunity to make corrections to the deposition transcript as required by Federal Rule 30(e). Dkt. 139 at 6. Mr.

ORDER
Page 4

1  Silva did not raise this issue before the Report and Recommendation was issued, in response to
2  defendants' motion for summary judgment.  Further, he has not shown that failure to include the
3  Court Reporter's certification prejudiced him.  Although he contends that he was not able to
4  "clarify" his testimony, he has not pointed to specific inaccuracies in the deposition.

5        Fourth, plaintiff moves to strike attachments to declarations on the grounds that such
6  attachments constitute inadmissible hearsay. Dkt. 139 at 6. It is unclear which attachments
7  plaintiff believes constitute hearsay, and the Court should therefore decline to strike any
8  attachments as hearsay.

9        Fifth, plaintiff moves to strike unauthenticated documents. Dkt. 139 at 7. Plaintiff does not
10 identify the documents he alleges to be unauthenticated, and the motion to strike should be denied
11 in this respect.

12       Plaintiff's objections are without merit. That portion of the Court's June 12, 2007 order
13 that adopted the Report and Recommendation of the magistrate judge to grant defendants'
14 motion for summary judgment should be affirmed.

15       In his objections, plaintiff requests leave to file an amended complaint to add defendants
16 and claims. Dkt. 139, at 13 and 24.  Plaintiff filed an amended complaint on December 14, 2005.
17 Dkt. 14.  On November 13, 2006, the court denied plaintiff's motion to amend on the basis that
18 adding new claims and new defendants would result in undue delay and prejudice to defendants.
19 Dkt. 85, at 3. The request plaintiff now makes to amend the complaint to add additional
20 defendants and claims follows a motion for summary judgment and a Report and
21 Recommendation on that motion.  Another motion to file an amended complaint is untimely.
22 Plaintiff's request to file an amended complaint should be denied.

23 **C.     PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT**

24       On June 20, 2007, plaintiff filed a Motion for Relief from Judgment, requesting that the
25 court vacate the June 12, 2007 order adopting the Reports and Recommendations of the
26 magistrate judge. Dkt. 137.  Plaintiff also requests that the court consider his late-filed
27 objections, Dkt. 138 and 139.  The court has considered plaintiff's late-filed objections and has

28

1  concluded that plaintiff has not shown grounds for relief from judgment.  Plaintiff's motion for
2  relief from judgment should be denied.

### III. ORDER

4    Therefore, it is hereby

5    **ORDERED** that plaintiff's objections (Dkt. 138 and 139) are **OVERRULED**.  The
6  Reports and Recommendations of the Magistrate Judge (Dkt. 118 and 124) are **ADOPTED**.  The
7  court's June 12, 2007 order (Dkt. 137) is **AFFIRMED**.  Plaintiff's Motion for Relief from
8  Judgment (Dkt. 142) is **DENIED**.  Plaintiff's motion to amend (Dkt. 139) is **DENIED**.

9    The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel
10  of record and to any party appearing pro se at said party's last known address.

11    DATED this 3rd day of July, 2007.

Robert J. Bryan
United States District Judge